IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIMBABWE A. ABDUL-MALIK,<br><br>    Plaintiff,<br><br>  v.<br><br>WALKENHORST COMPANY, et al.,<br><br>    Defendants.               / | No. C 07-04919 CW (PR)<br><br>ORDER OF DISMISSAL |

INTRODUCTION

    Plaintiff, a state prisoner, filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. He has also filed an application for <u>in forma pauperis</u> status.

    For the reasons discussed below, the Court DISMISSES Plaintiff's claims as not cognizable under 42 U.S.C. § 1983.

DISCUSSION

I.   Legal Standard

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

II. Legal Claims

Plaintiff names Defendants Walkenhorsts Company and Patty Walkenhorsts in his complaint, and he alleges that these Defendants are liable for failing to fix his broken walkman. These Defendants cannot be sued under 42 U.S.C. § 1983. Plaintiff does not allege that Defendants were acting under color of state law. Action taken by a private organization may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations omitted). The Supreme Court has found state action when a challenged activity results from the State's exercise of coercive power, when the State provides significant encouragement for the activity, or when a private actor operates as a willful participant in joint activity with the State. See id.

2

1  The Court finds that Plaintiff alleges no facts suggesting the
2  conduct of Defendants Walkenhorsts Company and Patty Walkenhorsts
3  could fairly be treated as conduct of the State itself.
4  Furthermore, because Plaintiff's allegations against Defendants
5  involve purely private conduct, they do not meet the standards for
6  cognizable claims under § 1983.  See Gomez v. Toledo, 446 U.S. 635,
7  640 (1980) (a private citizen does not act under color of state
8  law, an essential element of a § 1983 action); Ouzts v. Maryland
9  Nat'l Ins. Co., 505 F.3d 547, 559 (9th Cir. 1974), cert. denied,
10 421 U.S. 949 (1975).

                              CONCLUSION

   For the foregoing reasons,

   1.   Plaintiff's application for in forma pauperis status is
GRANTED.

   2.   Plaintiff's claims against Defendants Walkenhorsts
Company and Patty Walkenhorsts fail to state a claim upon which
relief may be granted and are DISMISSED with prejudice.

   3.   The Clerk of the Court shall enter judgment in accordance
with this Order.

   4.   This Order terminates Docket no. 2.

   IT IS SO ORDERED.

Dated:  4/28/08                    _____
                                   CLAUDIA WILKEN
                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ZIMBABWE A. ABDUL-MALIK,

        Plaintiff,

v.

WALKENHORSTS et al,

        Defendant.

Case Number: CV07-04919 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zimbabwe Abdul-Malik V-04586
Salinas Valley State Prison
C3-107
P.O. Box 1050
Soledad, CA 93960

Dated: April 28, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk